1  **McCARTHY & HOLTHUS, LLP**
   Melissa Robbins Coutts, Esq. (SBN: 246723)
2  Matthew B. Learned, Esq. (SBN: 255499)
   1770 Fourth Avenue
3  San Diego, CA 92101
   Email: mlearned@mccarthyholthus.com
4  Telephone:        (619) 685-4800
   Facsimile:        (619) 685-4811
5
   Attorneys for Defendant,
6  ALAW *erroneously sued as ALAW Trustee*

7

8              **UNITED STATES DISTRICT COURT**

9            **NORTHERN DISTRICT OF CALIFORNIA**

10

11  EDUARDO GIZZARELLI                     Case No.  5:14-CV-05176-EJD

12                                         **MEMORANDUM OF POINTS AND**
                  Plaintiff,               **AUTHORITIES IN SUPPORT OF**
13                                         **DEFENDANT'S MOTION TO**
    v.                                     **DISMISS PLAINTIFF'S**
14                                         **COMPLAINT**
    LOGN BEACH MORTGAGE
15  COMPANY, JP MORGAN CHASE,              Date: April 23, 2015
    and ALAW TRUSTEE and DOES 1            Time: 9:00 a.m.
16  THROUGH 25 INCLUSIVE                   Ctrm: 4, 5th Floor
                                           Judge: Hon. Edward J. Davila
17                Defendants.

18

19  / / /

20  / / /

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

CA-15-657655-CV

# TABLE OF CONTENTS

SUMMARY OF THE ARGUMENT ........................................................................... 2

I.   THE SECURITY. ........................................................................................... 2

II.  THE BREACH AND FORECLOSURE. ....................................................... 2

POINTS & AUTHORITIES ...................................................................................... 3

I.   A MOTION TO DISMISS PURSUANT TO RULE 12(B)(6) MUST BE
     GRANTED WHEN THE COMPLAINT FAILS TO SHOW THE
     PLAINTIFF IS ENTITLED TO RELIEF. ..................................................... 3

     A.   The Litigation Privilege Prevents Imposition of Liability Against
          ALAW. ................................................................................................... 4

     B.   ALAW's Actions Complied with State Law. ......................................... 5

     C.   Plaintiff Fails to State a Cause of Action for Declaratory Relief
          Because There Is No Present and Actual Controversy. ........................ 7

     D.   Plaintiff Has Not Alleged Facts Supporting He is Entitled to an
          accounting. ........................................................................................... 8

     E.   Plaintiff's Good Faith & Fair Dealing Claim Fails as Plaintiff Does
          Not Identify Any Contract with ALAW. .............................................. 10

     F.   Plaintiff's Fourth, Fifth, Sixth, Seventh, Tenth and Eleventh Causes
          of Action Fail as ALAW is Not Plaintiff's Lender. ............................. 10

     G.   Plaintiff's Quiet Title Claim Fails as it is Procedurally Defective
          and the Cloud Remains on Title Until Plaintiff Pays the Debt. ............ 11

     H.   Plaintiff's Request for Injunctive Relief Fails as There is No Longer
          Discriminatory Action to Enjoin. ......................................................... 14

     I.   Plaintiff Fails to State a Claim for Intentional Infliction of
          Emotional Distress as Plaintiff Fails to Establish Extreme and
          Outrageous Conduct. ............................................................................ 15

CONCLUSION ......................................................................................................... 17

McCARTHY & HOLTHUS, LLP
ATTORNEYS AT LAW
1770 FOURTH AVENUE
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 685-4800 FACSIMILE (619) 685-4811

# <u>TABLE OF AUTHORITIES</u>

**Cases**

<u>Aguilar v. Bocci</u>
(1974) 39 Cal. App. 3d 475 ...................................................................... 14

<u>Ainsa v. Mercantile Trust Co. of San Francisco</u>
(1917) 174 Cal. 504 ...................................................................... 5, 13

<u>Anderson v. Souza</u>
(1952) 38 Cal. 2d 825 ...................................................................... 15

<u>Balistreri v. Pacifica Police Dept.</u>
901 F.2d 696, 699 (9th Cir. 1990) ...................................................................... 3

<u>Bell Atlantic v. Twombly</u>
550 U.S. 544, __, 127 S. Ct. 1955, 1965 (2007) ...................................................................... 3

<u>Brittain v. Indymac Bank, No.</u>
2009 U.S. Dist. LEXIS 84863 ...................................................................... 10

<u>Cervantez v. J.C. Penney Co.</u>
24 Cal.3d 579 (1979) ...................................................................... 16

<u>Chancellor v. OneWest Bank</u>
2012 U.S. Dist. LEXIS 125249, 31-34 (N.D. Cal. 2012) . ...................................................................... 14

<u>Dimock v. Emerald Properties</u>
81 Cal.App.4th 868, 878-879 (2000) ...................................................................... 13

<u>Evers v. Dwyer</u>
358 U.S. 202, 203 (1958) ...................................................................... 7

<u>Fisher v. San Pedro Peninsula Hospital</u>
214 Cal. App.3d 590 (1989) ...................................................................... 16

<u>Foley v. Interactive Data Corp.</u>
47 Cal. 3d 654 (1988) ...................................................................... 10

<u>Gaitan v. Mortg. Elec. Reg. Sys., Inc.</u>
(C.D. Cal. Oct. 5, 2009) 2009 U.S. Dist. LEXIS 97117 ...................................................................... 13

<u>Gibson v. Gov't Employees Ins. Co</u>
162 Cal. App. 3d 441, 445 (1984) ...................................................................... 10

<u>Hamilton v. Bank of Blue Valley</u>
746 F.Supp.2d 1160, 1177 (2010)) ...................................................................... 12

<u>Homestead Sav. v. Darmiento</u>
230 Cal. App. 3d 424 (1991) ...................................................................... 6

/ / /

CA-15-657655-CV

McCARTHY & HOLTHUS, LLP
ATTORNEYS AT LAW
1770 FOURTH AVENUE
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 685-4800 FACSIMILE (619) 685-4811

I.E. Assocs. v. Safeco Title Ins. Co.
  39 Cal.3d 281 (Cal. 1985) .................................................................................... 6

Intel Corp. v. Hamidi
  (2003) 30 Cal.4th 1342 ........................................................................................ 15

Kachlon v. Markowitz
   168 Cal. App. 4th 316 (2008) ............................................................................... 5

Kelley v. Mortgage Elec. Registration Sys.
  (N.D. Cal. 2009) 642 F.Supp.2d 1048, 1057 ................................................... 13,14

Kritzer v. Lancaster
  (1950) 96 Cal.App.2d 1, 7 ..................................................................................... 9

Lupertino v. Carbahal
  35 Cal.App.3d 742 (1973) .................................................................................... 12

Major v. Miraverde Homeowners Assn.
  7 Cal.App.4th 618, 623 (1992) ............................................................................ 14

Mangindin v. Washington Mut. Bank
  637 F.Supp.2d 700, 707 (N.D. Cal. 2009) ............................................................. 8

Maryland Casualty Co. v. Pacific Coal & Oil Co.
  312 U.S. 270, 273 (1941) ...................................................................................... 7

Marzan v. Bank of Am.
  779 F.Supp.2d 1140, 1146-1147 ............................................................................ 8

Mix v. Sodd
  (1981) 126 Cal. App. 3d 386 ............................................................................... 13

Moeller v. Lien
  25 Cal. App. 4th 822 (1994) ............................................................................... 4,6

Munger v. Moore
  (1970) 11 Cal. App. 3d 1 ..................................................................................... 15

New Plumbing Contractors, Inc. v. Nationwide Mutual Ins. Co.
  7 Cal. App. 4th 1088, 1096 (1992) ...................................................................... 10

People v. Ward Redwood Co.
  (1964) 225 Cal.App.2d 385 ................................................................................. 12

Poway Royal Mobilehome Owners Ass'n v. City of Poway
  149 Cal. App. 4th 1460, 1477 (2007) .................................................................. 10

Residential Capital v. Cal-Western Reconveyance Corp.
  108 Cal.App.4th 807, 826 (Cal.App.4th Dist. 2003) ............................................. 6

Rosenfeld v. JPMorgan Chase Bank, N.A.
  (N.D. Cal. 2010) 732 F.Supp.2d 952, 975 .......................................................... 14

/ / /

McCARTHY & HOLTHUS, LLP
ATTORNEYS AT LAW
1770 FOURTH AVENUE
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 685-4800 FACSIMILE (619) 685-4811

CA-15-657655-CV

*Rubin v. Green*
  4 Cal. 4th 1187, 1193-94 (1993) ............................................................. 5

*Ruiz v. Mortg. Elec. Registration Sys., Inc.*
  2009 U.S. Dist. LEXIS 67050 ................................................................ 8

*Samura v. Kaiser Foundation Health Plan, Inc.*
  17 Cal.App.4th 1284, 1296-1297 (1993). ............................................ 11

*Scofield v. Critical Air Medicine, Inc.*
  45 Cal.App.4th 990 (1996) .................................................................. 16

*Shell Oil Co. v. Richter*
  (1942) 52 Cal. App. 2d 164 ................................................................. 15

*Shimpones v. Stickney*
  (1934) 219 Cal. 637 ............................................................................ 13

*Sprewell v. Golden State Warriors*
  266 F.3d 979, 988 (9th Cir. 2001) ......................................................... 3

*Swartz v. KPMG LLP*
  476 F.3d 756, 763 (9th Cir. 2007) ......................................................... 3

*Union Bank v. Superior Court*
  31 Cal.App.4th 573, 594 (1995) ............................................................ 9

*United Public Workers v. Mitchell*
  330 U.S. 75 (1947) ................................................................................ 7

*Western Aggregates, Inc. v. County of Yuba*
  (2002) 101 Cal.App.4th 278 ................................................................ 11

*Whann v. Doell*
  (1923) 192 Cal. 680 .............................................................................. 9

*Yurick v. Superior Court*
  209 Cal.App.3d 1116 (1989) .............................................................. 16

**Statutes**

California Civil Code § 47 ............................................................................ 4

California Civil Code § 760.020(a) ........................................................... 11

California Civil Code § 1921 ...................................................................... 11

California Civil Code § 2924 ........................................................................ 2

California Civil Code § 2924(b) .................................................................. 4

California Civil Code § 2943 ........................................................................ 9

Federal Rule of Civil Procedure Rule 12(b)(6) .................................... 2, 17

McCARTHY & HOLTHUS, LLP
ATTORNEYS AT LAW
1770 FOURTH AVENUE
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 685-4800 FACSIMILE (619) 685-4811

**Other Authorities**

2nd Restatement of Torts section 46 ......................................................................... 16

**TABLE OF AUTHORITIES**

CA-15-657655-CV

Defendant, ALAW respectfully submits the following Memorandum of Points and Authorities in Support of its Motion to Dismiss the Complaint of Plaintiff, Eduardo Gizzarelli ("Plaintiff")

## SUMMARY OF THE ARGUMENT

ALAW, as the Trustee under a Deed of Trust, completed a nonjudicial foreclosure due to Plaintiff's failure to make payments under the terms of his Promissory Note and Deed of Trust. The allegations in the Complaint are premised on Plaintiff's belief that he was not provided information regarding the terms of his loan at origination. As set forth in more detail herein, Plaintiff's Complaint fails to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure Rule 12(b)(6). Notably, many of Plaintiff's claims are directed at Plaintiffs' lender. California Civil Code section 2924 *et seq*. is the comprehensive authority governing non-judicial foreclosures in California and illustrates that ALAW's actions were in complete conformance with its duties proscribed by the legislature. As such, ALAW's conduct cannot give rise to the imposition of liability. Plaintiff fails to allege facts to indicate otherwise. Based on the forgoing, ALAW's Motion must be granted and Plaintiffs' First Amended Complaint must be dismissed with prejudice.

## FACTUAL BACKGROUND

### I. THE SECURITY.

On or about January 10, 2006, Plaintiff obtained a loan in the amount of $520,000.00 under a Promissory Note secured by a Deed of Trust against real property commonly known as 21505 Madrone Dr., Los Gatos, California 95033 ("Subject Property"). (Req. for Judicial Notice, Ex. A.)

### II. THE BREACH AND FORECLOSURE.

Due to Plaintiff's default on his loan, on July 15, 2011 California Reconveyance Company recorded a Notice of Default with the Santa Clara County Recorder's Office as Instrument Number 21240087. (Req. for Judicial Notice, Ex.

McCARTHY & HOLTHUS, LLP
ATTORNEYS AT LAW
1770 FOURTH AVENUE
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 685-4800 FACSIMILE (619) 685-4811

CA-15-657655-CV

B.)  On June 13, 2014, a Substitution of Trustee recorded naming ALAW as the new Trustee under the Deed of Trust.  (Req. for Judicial Notice, Ex. C.)  Thereafter, ALAW recorded Notice of Trustee's Sale with the Santa Clara County Recorder's Office on September 11, 2014 as Instrument Number 2270499.  (Req. for Judicial Notice, Ex. D.)  On October 17, 2014, the Subject Property was sold at a public foreclosure auction.  (Req. for Judicial Notice, Ex. E.)  The Trustee's Deed Upon Sale recorded on October 24, 2014.  (Req. for Judicial Notice, Ex. E.)

## POINTS & AUTHORITIES

**I.**    **A MOTION TO DISMISS PURSUANT TO RULE 12(B)(6) MUST BE GRANTED WHEN THE COMPLAINT FAILS TO SHOW THE PLAINTIFF IS ENTITLED TO RELIEF.**

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a Defendant to bring a motion to test the legal sufficiency of the allegations in a complaint.  Such a motion should be granted when the plaintiff's allegations, taken as true, do not entitle the plaintiff to the relief sought in the complaint.  A dismissal pursuant to Rule 12(b)(6) is required where the complaint lacks a "cognizable legal theory" or does not plead facts sufficient to support a cognizable theory. Balistreri v. Pacifica Police Dept., 901 F. 2d 696, 699 (9th Cir. 1990).  The complaint must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." Bell Atlantic v. Twombly, 550 U.S. 544, __, 127 S. Ct. 1955, 1965 (2007) (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)). Instead, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level . . . ." Id.  In ruling on a 12(b)(6) motion to dismiss, the Court may consider "allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." Swartz v. KPMG LLP, 476 F. 3d 756, 763 (9th Cir. 2007).  But the Court need not accept unreasonable inferences or "conclusory, unwarranted deductions of fact" cast in the form of factual allegations. Sprewell v. Golden State Warriors, 266 F. 3d 979, 988 (9th Cir. 2001).

McCARTHY & HOLTHUS, LLP
ATTORNEYS AT LAW
1770 FOURTH AVENUE
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 685-4800 FACSIMILE (619) 685-4811

CA-15-657655-CV

## II.   PLAINTIFF'S COMPLAINT MUST BE DISMISSED IN ITS ENTIRETY FOR FAILURE TO STATE A CLAIM.

Plaintiff's causes of actions against ALAW are based on allegations of wrongful conduct stemming from the loan origination and insupportable claims that ALAW could not properly advance a nonjudicial foreclosure against the Subject Property.  For each of the alleged violations, Plaintiff seeks equitable relief as well as monetary damages.

### A.   The Litigation Privilege Prevents Imposition of Liability Against ALAW.

ALAW is named in Plaintiff's Complaint entirely for actions conducted in its capacity as Trustee of the Deed of Trust. However, ALAW's advancement of the nonjudicial foreclosure is statutorily protected under Civil Code section 47, and accordingly this conduct cannot form the basis of any tort cause of action.

The legislature has codified the manner and procedure for conducting nonjudicial foreclosures in Civil Code section 2920 through 2944.5. These sections comprise a comprehensive regulation of the nonjudicial foreclosure process by the legislature.  Moeller v. Lien, 25 Cal.App.4th 822, 834 (1994).  California Civil Code section 2924(b) provides: "[I]n performing acts required by this article, the trustee shall incur no liability for any good faith error resulting from reliance on information received in good faith from the beneficiary regarding the nature and the amount of the default under the secured obligation, deed of trust, or mortgage." Cal. Civ. Code § 2924(b).  California Civil Code section 2924(d) further states that mailing, publication, and delivery of notices as required by this section 2924 "shall constitute privileged communications."   This includes the procedures for substitution of trustee (section 2934a), for posting and publication of the notices of default and sale (section 2924b), and for conduct of a Trustee's Sale (section 2924g).  Thus, when a Trustee such as ALAW records a Notice of Default at the direction of the beneficiary, the Trustee incurs no liability for such recordation.

CA-15-657655-CV

When assessing claims made against the Trustee, it is important to keep in mind the long standing legal maxim that a Trustee of a Deed of Trust "has no claim to ownership of the property, but acts as the agent to the Trustor and Beneficiary for the limited purpose of conducting a sale in the event of the Trustor's default, or reconveys the property upon satisfaction of the debt owed." Ainsa v. Mercantile Trust Co. of San Francisco, 174 Cal. 504, 510 (1917).  It is for that reason a Trustee reasonably relies upon the information it is provided, and cannot take any action beyond the scope of its limited authority.

The effect of the litigation privilege is to bar any tort action based on a protected communication. The only exception is for suit based on malicious prosecution. Kachlon v. Markowitz, 168 Cal.App.4th 316, 336 (2008); Rubin v. Green, 4 Cal. 4th 1187, 1193-94 (1993)   Thus, each and every cause of action based on the recordation of the foreclosure notices is barred by the litigation privilege. Kachlon, 168 Cal.App.4th at 336; Rubin v. Green, 4 Cal. 4th 1187, 1193-94 (1993).  Upon these grounds alone, there is sufficient basis to conclude that Plaintiffs improperly named ALAW in this action and the Complaint should be dismissed as to ALAW.

**B.    ALAW's Actions Complied with State Law.**

Assuming, *arguendo*, that the litigation privilege does not apply to ALAW, the facts before this Court demonstrate that ALAW's actions were in accordance with the powers given to it as the Trustee under the Deed of Trust, and that ALAW fully complied with California's statutory nonjudicial foreclosure process in advancing the Trustee's sale of the Subject Property.

California Civil Code section 2924(a)(1) states that a nonjudicial foreclosure is commenced by the recording of a Notice of Default by the trustee, mortgagee, the beneficiary, or the beneficiary's agent.  Here, the Notice of Default recorded against the Subject Property that gives rise to the instant action was executed by California Reconveyance Company, the then current Trustee. (Req. for Judicial Notice, Ex. B.)

McCARTHY & HOLTHUS, LLP
ATTORNEYS AT LAW
1770 FOURTH AVENUE
SAN DIEGO, CALIFORNIA  92101
TELEPHONE (619) 685-4800 FACSIMILE (619) 685-4811

CA-15-657655-CV

ALAW was appointed as Trustee through the execution and subsequent recordation of the Substitution of Trustee on June 13, 2014.  (Req. for Judicial Notice, Ex. C.) ALAW complied with California law in notice of the trustee's sale.  California Civil Code section 2924(a)(3) provides that after the passage of three (3) months from the recordation of the Notice of Default, if the existing default is not cured, the trustee shall give notice of the sale.  The Notice of Sale was issued and recorded by ALAW on September 11, 2014.  (Req. for Judicial Notice, Ex. D.)

These facts establish that ALAW was properly advancing the nonjudicial foreclosure as the duly-appointed Trustee under the Deed of Trust.  As Trustee, ALAW was entitled to proceed with the Trustee's sale without first confirming possession and/or endorsement of the original promissory note before they advance a nonjudicial foreclosure.

California Civil Code sections 2924 – 2924i is the "the comprehensive statutory framework established to govern non-judicial foreclosure sales." Moeller, 25 Cal.App.4th at 834; see also Homestead Sav. v. Darmiento, 230 Cal.App.3d 424, 432-33 (1991).  Plaintiff's theory that there are additional steps which must be taken prior to initiating a trustee's sale are outside of the scope of these Civil Code provisions, and in direct conflict with them.  Plaintiffs attempt to add extra requirements to the process of conducting a trustee's sale is precisely what the Fourth District Court of Appeals and the California Supreme Court have advised trial courts not to do. "[T]he Supreme Court has said that the Legislature intended to cover the entire subject area of non-judicial foreclosures by statute and leave nothing for the courts." Residential Capital v. Cal-Western Reconveyance Corp., 108 Cal.App.4th 807, 826 (2003).

In I.E. Assocs. v. Safeco Title Ins. Co, 39 Cal. 3d 281 (1985) the plaintiff argued that the trustee had the extra duty, not found in Civil Code sections 2924 – 2924i, to locate an actual address for the trustor, prior to instituting a trustee's sale, in order to send him/her the required notices.  There is no codified duty that requires

**POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**
**PLAINTIFF'S COMPLAINT**

McCARTHY & HOLTHUS, LLP
ATTORNEYS AT LAW
1770 FOURTH AVENUE
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 685-4800 FACSIMILE (619) 685-4811

CA-15-657655-CV

the Trustee to seek out and confirm an actual address for the trustor.  The California

Supreme Court clarified this issue and ruled as follows:

> The statutory provisions regulating the nonjudicial foreclosure of deeds of trust are contained in sections 2924-2924i. ***These provisions cover every aspect of exercise of the power of sale contained in a deed of trust …***

> In short, there is no authority for the proposition that a trustee under a deed of trust owes any duties with respect to exercise of the power of sale beyond those specified in the deed and the statutes. There are, moreover, persuasive policy reasons which militate against a judicial expansion of those duties. The nonjudicial foreclosure statutes -- an alternative to judicial foreclosure -- reflect a carefully crafted balancing of the interests of beneficiaries, trustors, and trustees. Beneficiaries, of course, want quick and inexpensive recovery of amounts due under promissory notes in default. Trustors, on the other hand, need protection against the forfeiture of valuable property rights. ***Trustees, the middlemen, need to have clearly defined responsibilities to enable them to discharge their duties efficiently and to avoid embroiling the parties in time-consuming and costly litigation.***

Id. at 288 (emphasis added).  It is without question that no statutory duty has been

imposed upon the trustee to seek out and confirm possession and ownership of

Plaintiff's promissory note prior to advancing a nonjudicial foreclosure.  This Court

should not manufacture an additional duty such as this, when the applicable

statutory framework is exhaustive.

## C.   Plaintiff Fails to State a Cause of Action for Declaratory Relief Because There Is No Present and Actual Controversy.

An action for declaratory relief requires that there be a present and actual

controversy between the parties.  United Public Workers v. Mitchell, 330 U.S. 75

(1947).  The record must clearly set forth an actual controversy between the parties,

for federal courts to grant a request for declaratory relief.  Evers v. Dwyer, 358 U.S.

202, 203 (1958).  In determining whether there is a sufficient controversy under 28

U.S.C. section 2201, the facts alleged must "show that there is a substantial

controversy, between parties having adverse legal interests, of sufficient immediacy

and reality to warrant the issuance of a declaratory judgment." Maryland Casualty

Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 273 (1941).  A cause of action for

McCARTHY & HOLTHUS, LLP
ATTORNEYS AT LAW
1770 FOURTH AVENUE
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 685-4800 FACSIMILE (619) 685-4811

**POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS
PLAINTIFF'S COMPLAINT**

CA-15-657655-CV

declaratory relief cannot be used to complain of past wrongs. <u>See</u> <u>Marzan v. Bank of Am.</u>, 779 F.Supp.2d 1140, 1146-1147 (D.C. Hawaii 2011); <u>see</u> <u>also</u> <u>Ruiz v. Mortg. Elec. Registration Sys., Inc.</u>, 2009 U.S. Dist. LEXIS 67050 (E.D. Cal. Aug. 3, 2009).

Plaintiff contends that there is an actual case and controversy as to the respective rights of the parties to this matter, including the right to foreclose on the Subject Property.  (Compl. ¶ 34.)  Specifically, "Plaintiff further requests that this Court find that the Defendants were not the holders in due course of the Promissory Note, nor were they the duly appointed and recorded trustee at the time of the foreclosure."  (Compl. ¶ 36.)  However, there is no present and actual controversy because the Subject Property has already been sold at a public foreclosure auction on October 17, 2014.  (Req. for Judicial Notice, Ex. E.)  As such, Plaintiff is only attempting to complain about past wrongs through his Complaint.

Furthermore, Plaintiff's cause of action for declaratory relief is duplicative, improper, and unnecessary.  An action for declaratory relief is usually unnecessary where an adequate remedy exists under some other form of action. <u>Marzan</u>, 779 F.Supp.2d at 1146-1147.  In requesting the Court to make a declaration of his rights, Plaintiff is merely reiterating the claims in his eleven other causes of action.  Such reiteration of Plaintiff's other claims in his declaratory relief cause of action is indicative of an adequate remedy existing under some other cause of action, or, in the present case, and adequate cause of action in the form of the other causes of action as asserted.  <u>See</u> <u>Mangindin v. Washington Mut. Bank</u>, 637 F.Supp.2d 700, 707 (N.D. Cal. 2009).  Because declaratory relief is duplicative, improper, and unnecessary, the Court should dismiss this cause of action with prejudice.

## D. <u>Plaintiff Has Not Alleged Facts Supporting He is Entitled to an Accounting.</u>

Plaintiff contends that he cannot ascertain the amount owing on his loan without an accounting.  (Compl. ¶ 42.)  As such, "Plaintiff seeks an accounting

McCARTHY & HOLTHUS, LLP
ATTORNEYS AT LAW
1770 FOURTH AVENUE
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 685-4800 FACSIMILE (619) 685-4811

CA-15-657655-CV

McCARTHY & HOLTHUS, LLP
ATTORNEYS AT LAW
1770 FOURTH AVENUE
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 685-4800 FACSIMILE (619) 685-4811

form Defendants and the <u>true not holder</u>….." (Compl. ¶ 42.) A complaint sufficiently states a cause of action in equity for an accounting by alleging the following: (1) a relationship between the parties or other circumstances that require an accounting in equity; and (2) that an unknown balance is due that cannot be ascertained without an accounting, the means of which are within the knowledge for the Defendant. <u>Whann v. Doell</u>, 192 Cal. 680, 684 (1923); <u>Kritzer v. Lancaster</u> 96 Cal.App.2d 1, 7 (1950).

Plaintiff fails to establish either element. First, Plaintiff's claim is not supported by principals of equity. Plaintiff is merely demanding an accounting without showing he is entitled to one. A trustor under a deed of trust has no cause of action for an accounting with respect to property sold pursuant to a the deed of trust even if the sale is voidable, if he fails to make a valid and effective tender. <u>See</u> <u>e.g.</u>, <u>Karlsen v. American Sav. & Loan Assn.</u> 15 Cal.App.3d 112, 121 (1971). Further, ALAW is the Trustee, not the servicer or beneficiary of Plaintiff's loan. Accordingly, a relationship between ALAW and Plaintiff requiring an account does *not* exist and ALAW does not owe Plaintiff an accounting of what is owed. Plaintiff's claim is also not supported by law. "[I]f the loan is subject to a recorded Notice of Default, the beneficiary shall have no obligation to prepare and deliver this statement ..." Cal. Civ. Code § 2943(c).

Finally, the Complaint does not demonstrate that Defendants, and especially ALAW, owes an unknown balance to Plaintiff. <u>See</u> <u>Union Bank v. Superior Court</u> 31 Cal.App.4th 573, 594 (1995) (dismissing accounting cause of action where defendant owed no money to plaintiff). Rather, the facts show that Plaintiff owed the servicer / beneficiary for all unpaid sums due under the Note and Deed of Trust. No cause of action for accounting exists under these circumstances. <u>See</u> <u>Id.</u> Accordingly, there is no basis for Plaintiff's demand for an accounting, and ALAW's Motion should be granted.

/ / /

**POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS
PLAINTIFF'S COMPLAINT**

CA-15-657655-CV

**E.      Plaintiff's Good Faith & Fair Dealing Claim Fails as Plaintiff Does Not Identify Any Contract with ALAW.**

Plaintiff alleges breach of the covenant of good faith and fair dealing against ALAW.  The covenant of good faith and fair dealing is implied into every contract and it "requires that neither party do anything which will deprive the other of the benefits of the agreement."  Gibson v. Gov't Employees Ins. Co., 162 Cal.App.3d 441, 445 (1984).  "The implied covenant of good faith and fair dealing does not extend beyond the terms of the contract at issue."  Poway Royal Mobilehome Owners Ass'n v. City of Poway, 149 Cal.App.4th 1460, 1477 (2007) (citing New Plumbing Contractors, Inc. v. Nationwide Mutual Ins. Co., 7 Cal.App.4th 1088, 1096 (1992)); see also Gibson, 162 Cal.App.3d at 446.  A cause of action for breach of the covenant of good faith and fair dealing "rests upon the existence of some specific contractual obligation."  Brittain v. Indymac Bank, No., 2009 U.S. Dist. LEXIS 84863, at *10 (N.D. Cal. Sept. 16, 2009) (citing Foley v. Interactive Data Corp., 47 Cal. 3d 654 (1988)).

Plaintiff does not identify any contract between himself and ALAW.  The only contracts Plaintiff refers to in the Complaint are the Note and Deed of Trust, to which ALAW was not a party and has no interest.  At various points throughout the Complaint, Plaintiff makes brief reference to ALAW but does not allege that any agreement was entered into between himself and ALAW.  Therefore, Plaintiff cannot state a claim under the covenant of good faith and fair dealing and the third cause of action should be dismissed.

**F.      Plaintiff's Fourth, Fifth, Sixth, Seventh, Tenth and Eleventh Causes of Action Fail as ALAW is Not Plaintiff's Lender.**

Plaintiff generally alleges that he was a victim of a predatory loan and requests the Court to find that the loan was unconscionable and of no force or effect.  Specifically, Plaintiff contends that he did not receive disclosures required with an "interest only, adjustable rate pay option ARM mortgage instrument as set

McCARTHY & HOLTHUS, LLP
ATTORNEYS AT LAW
1770 FOURTH AVENUE
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 685-4800 FACSIMILE (619) 685-4811

CA-15-657655-CV

forth in California Civil Code section 1921." (Compl. ¶ 51.) Plaintiff further alleges that he "was not fully informed of the pros and cons of the interest only mortgage and other loan options that might have been more beneficial to him as a borrower." (Compl. ¶ 55.) Finally, Plaintiff's claim under California Business and Professions Code section 17200 is solely premised on conduct associated with loan origination. (Compl. ¶ 68.)

In California, the question of whether a contract is unconscionable is one of law not fact, to be determined by the Court. Helm Fin. Corp. v. Iowa N. Ry., 214 F.Supp.2d 934 (2002). The concept of unconscionability requires a showing of both a procedural and a substantive element. Samura v. Kaiser Foundation Health Plan, Inc., 17 Cal.App.4th 1284, 1296-1297 (1993). Foremost, ALAW is not a lender and did not originate Plaintiff's loan. As a result, Plaintiff cannot maintain a predatory lending claim or any other cause of action based on deficient disclosures at loan origination against ALAW. Further, just like with his other claims, Plaintiff has failed to present even a scintilla of factual support. Rather, Plaintiff simply state that his loan contract was unconscionable and as a result should be rescinded. As Plaintiff failed to allege both the procedural and substantive requirements, ALAW's Motion should granted, with prejudice, as to the fourth, fifth, sixth, seventh, tenth and eleventh causes of action.

### G. Plaintiff's Quiet Title Claim Fails as it is Procedurally Defective and the Cloud Remains on Title Until Plaintiff Pays the Debt.

Through his Complaint, Plaintiff seeks to quiet title to the Subject Property against the interest of all Defendants. An action for quiet title may be brought "to establish title against adverse claims to real or personal property or any interest therein." Cal. Code Civ. P. § 760.020(a). The purpose of a quiet title action is to settle conflicting claims to property. Western Aggregates, Inc. v. County of Yuba, 101 Cal.App.4th 278, 305 (2002). "[I]n an action to quiet title the plaintiff must recover on the strength of his own title and not on the weakness of defendant's

McCARTHY & HOLTHUS, LLP
ATTORNEYS AT LAW
1770 FOURTH AVENUE
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 685-4800 FACSIMILE (619) 685-4811

title." People v. Ward Redwood Co., 225 Cal.App.2d 385, 386 (1964) (citations omitted). Plaintiff seeks to quiet title to the Subject Property based on her theories that the "power of sale contained in the Deed of Trust is of no force and effect because Defendants' failure to comply with the provisions set forth in California law." (Compl. ¶ 72.) This claim fails, however, because Plaintiff neither verified his Complaint nor identified an adverse claim held by ALAW. Plaintiff provides no legal basis for an award of quiet title, in their name alone, free and clear of the obligation that he willingly undertook but failed to repay. (See Req. for Judicial Notice, Ex. A.)

                      1. Plaintiff's Complaint is procedurally defective.

To quiet title, Plaintiff must set forth the following: (a) a description of the property that is the subject of the action, (b) the title of the plaintiff, (c) the adverse claims to the title of the plaintiff, (d) the date as of which the determination is sought, and (e) a prayer for the determination of the title of the plaintiff against the adverse claims. Cal. Code Civ. P. § 761.020. Additionally, California Code of Civil Procedure section 761.020 mandates that a complaint seeking to quiet title be verified. Cal. Code Civ. P. § 761.020. Plaintiffs' Complaint is not verified and therefore fails to properly state a cause of action. ALAW's Motion should be granted on this basis alone.

Moreover, Plaintiff has failed to identify an adverse claim by ALAW. The court in Ford v. Lehman Brothers Bank, FSB, determined that a deed of trust cannot be the purported adverse claim required to support a plaintiff's quiet title cause of action. Ford v. Lehman Brothers Bank, FSB, 2012 U.S. Dist LEXIS 85600, 37-45 (N.D. Cal. June 20, 2012). Specifically, the Ford court held that "a deed of trust carries none of the incidents of ownership of the property, other than the right to convey upon default…." Ford, 2012 U.S. Dist LEXIS 85600, 44 (citing Hamilton v. Bank of Blue Valley, 746 F.Supp.2d 1160, 1177 (2010)) (internal quotations omitted); see also Lupertino v. Carbahal, 35 Cal.App.3d 742 (1973). Accordingly,

McCARTHY & HOLTHUS, LLP
ATTORNEYS AT LAW
1770 FOURTH AVENUE
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 685-4800 FACSIMILE (619) 685-4811

POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS
PLAINTIFF'S COMPLAINT

CA-15-657655-CV

Plaintiff cannot show that **ALAW** possesses an adverse claim until a foreclosure sale actually occurs and **ALAW** takes title to the Subject Property. Ford, 2012 U.S. Dist LEXIS 85600, 44 (citing Dimock v. Emerald Properties, 81 Cal.App.4th 868, 878-879 (2000) (entering judgment to quiet title in favor borrower who lost his home in a foreclosure sale to defendant where the existence of a purchaser's deed, rather than a lender's deed of trust, satisfies the "adverse claim" element of a quiet title action.) Notably, ALAW never had any ownership interest in the Deed of Trust or Subject Property. See Ainsa, 174 Cal. at 510. Additionally, although the foreclosure has been completed, ALAW did not take title to the Subject Property via the foreclosure and therefore do not possess a claim adverse to Plaintiff. (Req. for Judicial Notice, Ex. E.) Plaintiff has failed to satisfy his burden to set forth the necessary elements to satisfy his quiet title claim. This defect cannot be cured through further amendment and as such ALAW's Motion should be granted with prejudice.

2.   Plaintiff's cause of action for quiet title fails as Plaintiff has not paid the debt secured.

Plaintiff seeks an order declaring his interest superior to that of the all parties claiming an interest in the Subject Property. However, it is well settled in California that "a mortgagor cannot quiet his title against the mortgagee without paying the debt secured." Shimpones v. Stickney, 219 Cal. 637, 649 (1934); see also Mix v. Sodd, 126 Cal.App.3d 386, 390 (1981) (holding that no quiet title action may lie without paying the debt, even if the debt is otherwise unenforceable, because a court of equity will not aid a person in avoiding the payment of his debts). "A basic requirement of an action to quiet title is an allegation that plaintiffs 'are the rightful owners of the property, *i.e.,* that they have satisfied their obligations under the Deed of Trust.'" Gaitan v. Mortg. Elec. Reg. Sys., Inc., 2009 U.S. Dist. LEXIS 97117, 34 (C.D. Cal. Oct. 5, 2009) (quoting Kelley v. Mortg. Elec. Reg. Sys., Inc., 642 F.Supp.2d 1048, 1057 (N.D. Cal. 2009)). For the purposes of a quiet title

**POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS
PLAINTIFF'S COMPLAINT**

CA-15-657655-CV

McCARTHY & HOLTHUS, LLP
ATTORNEYS AT LAW
1770 FOURTH AVENUE
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 685-4800 FACSIMILE (619) 685-4811

claim, the cloud upon his title persists until the debt is paid.  <u>Aguilar v. Bocci</u>, 39 Cal.App.3d 475, 477 (1974).

Further, in <u>Chancellor v. OneWest Bank</u>, the court determined that tender is without a doubt required when attempting to quiet title.  <u>Chancellor v. OneWest Bank</u>, 2012 U.S. Dist. LEXIS 125249, 31-34 (N.D. Cal. Sept. 4, 2012). Specifically, the <u>Chancellor</u> court held that to assert a quiet title claim the plaintiffs are required to allege that they are the rightful owners of the property, "i.e., that they have satisfied their obligations under the deed of trust." <u>Chancellor</u>, 2012 U.S. Dist. LEXIS 125249, 32 (citing <u>Kelley</u>, 642 F.Supp.2d at 1057.)  Thus, it is dispositive under California law that a borrower may not assert a quiet title claim "against a mortgagee without first paying the outstanding debt on the property." <u>Chancellor</u>, 2012 U.S. Dist. LEXIS 125249, 32 (citing <u>Rosenfeld v. JPMorgan Chase Bank, N.A.</u>, 732 F.Supp.2d 952, 975 (N.D. Cal. Aug. 9, 2010)).  Plaintiff has not tendered or offered to tender the balance remaining on the loan secured by the Deed of Trust, so he cannot quiet title against the claims of the beneficiary, much less against ALAW.

**H.     <u>Plaintiff's Request for Injunctive Relief Fails as There is No Longer Discriminatory Action to Enjoin.</u>**

Plaintiffs seek injunctive relief based on his belief that "none of these Defendants have the right to proceed with the foreclosure sale on the property." (Compl. ¶ 75.)  Foremost, the Subject Property has already been sold at a public foreclosure auction on October 17, 2014.  (Req. for Judicial Notice, Ex. D.)  As such, "there is no longer any discriminatory action…to be enjoined."  <u>MaJor v. Miraverde Homeowners Assn.</u>, 7 Cal.App.4th 618, 623 (1992) (citing <u>Old National Financial Services, Inc. v. Seibert</u>, 194 Cal.App.3d 460, 467 (1987)).

Further, Plaintiff has not pleaded facts demonstrating he is entitled to the equitable remedy of an injunction.  To obtain permanent injunctive relief, "the plaintiff must ordinarily show that the defendant's wrongful facts threaten to cause

irreparable injuries, ones that cannot be adequately compensated in damages." Intel Corp. v. Hamidi, 30 Cal. 4th 1342, 1352 (2003). Plaintiff has not demonstrated any entitlement to a permanent injunction because the harm he alleges, even if proved, can be compensated by monetary damages. In Munger v. Moore, the Court of Appeal held that the appropriate remedy for wrongful foreclosure is monetary damages. "[W]here a mortgagee or trustee makes an unauthorized sale under a power of sale he and his principal are liable to the mortgagor for the value of the property at the time of the sale in excess of the mortgages and liens against said property." Munger v. Moore, 11 Cal.App.3d 1, 10 (1970) (citations omitted). Thus, even if the trustee's sale was improperly conducted, the remedy to which Plaintiff would be entitled is monetary damages. "By definition, an injunction is properly granted where 'it would be extremely difficult to ascertain the amount of compensation which would afford adequate relief.'" Anderson v. Souza, 38 Cal.2d 825, 834 (1952) (quoting Cal. Civ. Code § 3422). Here, it would not be difficult to ascertain the amount of compensation that would be an appropriate remedy for wrongful foreclosure. Accordingly, there exists an adequate and appropriate remedy at law, and the equitable remedy of injunctive relief cannot be granted.

Moreover, "[i]njunctive Relief is a remedy and not, itself, a cause of action, and a cause of action must exist before injunctive relief [remedy] may be granted." Shell Oil Co. v. Richter, 52 Cal.App.2d 164, 168 (1942). Thus, Plaintiff's request for an injunction is not a cause of action, but merely a remedy.

## I. Plaintiff Fails to State a Claim for Intentional Infliction of Emotional Distress as Plaintiff Fails to Establish Extreme and Outrageous Conduct.

Plaintiff contends that Defendants "knowingly, intentionally, purposefully, and without any regard for the consequences which would befall Plaintiff, committed these acts with reckless disregard of the probability of causing Plaintiff

McCARTHY & HOLTHUS, LLP
ATTORNEYS AT LAW
1770 FOURTH AVENUE
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 685-4800 FACSIMILE (619) 685-4811

CA-15-657655-CV

McCARTHY & HOLTHUS, LLP
ATTORNEYS AT LAW
1770 FOURTH AVENUE
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 685-4800 FACSIMILE (619) 685-4811

to suffer emotional distress." (Compl. ¶ 89.) The basis for the claim is that Plaintiff was purportedly deceived into obtaining what he believes to be a predatory loan and that he was not given an opportunity to discuss a loan modification. (Compl. ¶¶ 91, 92.) However, ALAW, as trustee, has nothing to do with the origination or efforts to modify Plaintiff's loan and more importantly, was not substituted as trustee until June 9, 2014. (Req. for Judicial Notice, Ex. C.) Thus, even if the underlying allegations were true, ALAW could not have possibly participated in the actions forming the underpinning of the claim. Even if applicable to ALAW, Plaintiff cannot maintain a claim.

The elements of a cause of action for intentional infliction of emotional distress are (1) outrageous conduct by the defendant, (2) intention to cause or reckless disregard of the probability of causing emotional distress, (3) severe emotional suffering, and (4) actual and proximate causation of the emotional distress. Fisher v. San Pedro Peninsula Hospital, 214 Cal.App.3d 590, 617 (1989). The California Supreme Court has held that in order to satisfy the requisite proof of extreme and outrageous conduct, there must be a showing that the conduct was "… so extreme as to exceed all bounds that are usually tolerated in a civilized community." Cervantez v. J.C. Penney Co. 24 Cal. 3d 579, 593 (1979). Such conduct must be evaluated on a case-by-case basis. Yurick v. Superior Court 209 Cal.App.3d 1116 (1989)   Neither tortious or criminal intent, nor aggravating or malicious conduct, instantly amounts to the requisite extreme and outrageous conduct. Rest.2d Torts, § 46, com d; Scofield v. Critical Air Medicine, Inc., 45 Cal.App.4th 990, 1108 (1996). Plaintiff has failed to properly plead how ALAW's completion of the nonjudicial foreclosure sale of the Subject Property raised to the outrageous conduct that is so extreme as to exceed all bounds that are usually tolerated in a civilized community. As Plaintiff has provided no basis for his claims against ALAW, this cause of action should be dismissed.

/ / /

**POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**
**PLAINTIFF'S COMPLAINT**

CA-15-657655-CV

## **CONCLUSION**

For the foregoing reasons, ALAW respectfully requests that its Motion to Dismiss Plaintiff's Complaint be granted and that ALAW be dismissed with prejudice.

Dated:  January 27, 2015

Respectfully submitted,
**McCARTHY & HOLTHUS, LLP**

By:_____/s/ Matthew B. Learned_____
    Matthew B. Learned, Esq.
    Attorney for Defendant,
    ALAW

**McCARTHY & HOLTHUS, LLP**
ATTORNEYS AT LAW
1770 FOURTH AVENUE
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 685-4800 FACSIMILE (619) 685-4811

CA-15-657655-CV